# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE ELDERWIN NEWSON, | ) | 1:10cv01491 OWW DLB |
| | ) | |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | |
| TODD SCHAFFER, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Wayne Elderwin Newson is proceeding pro se and in forma pauperis in this civil rights action, filed on August 18, 2010.  He names Parole Officer Todd Schaffer as Defendant.

## **DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Plaintiff alleges that Defendant Parole Officer Todd Schaffer acted in "reckless disregard of material" and "did not use due care or skill" during Plaintiff's August 2006 Final Parole Board Hearing. He contends that as a result, he was denied his right to present witnesses, his right to present evidence and his right to cross-examine in violation of the Sixth and Fourteenth Amendments. Plaintiff contends that his parole was revoked and he requests monetary damages.

Plaintiff is no longer incarcerated.

C.  Analysis

When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 488 (emphasis in original).

Plaintiff does not allege that his parole revocation has been invalidated and is therefore unable to state a claim for which relief may be granted. Plaintiff will be given one opportunity to amend, although it is unclear whether Plaintiff can successfully do so.

D.  Amendment

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1 general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375
2 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no
3 longer serves any function in the case.
4     Plaintiff may file an amended complaint within thirty (30) days of the date of service of
5 this order.  Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall
6 refer to the case number assigned to this action.  If Plaintiff does not file an amended complaint
7 within this time frame and in accordance with this order, the Court will recommend that this
8 action be dismissed.

10     IT IS SO ORDERED.
11     Dated:   **August 24, 2010**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

3